NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNNY BAKER, | No. 19-16132 |
| Petitioner-Appellant, | D.C. No. 1:18-cv-01642-SKO |
| v. | |
| S. LAKE; et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding**

Submitted February 4, 2020***

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Federal prisoner Johnny Baker appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 petition for a writ of habeas corpus, and its

order denying his motion for reconsideration.  We have jurisdiction under 28

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The parties consented to proceed before a magistrate judge.

\*\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo the denial of a section 2241 petition, *see Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), *cert. denied*, 140 S. Ct. 60 (2019), and for abuse of discretion the denial of a reconsideration motion, *see Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

Baker challenges a prison disciplinary proceeding in which he was sanctioned with the disallowance of good conduct time. He contends that the disciplinary hearing officer ("DHO") was not impartial and that there was insufficient evidence to support the DHO's findings. Baker does not present any evidence of partiality, but rather contends that an impartial decision maker would have found he was not guilty of possessing narcotics. However, the evidence considered by the DHO, including the drug test results, supported the DHO's finding. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (unfavorable or adverse rulings alone are insufficient to show bias "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"); *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (due process is satisfied if "some evidence" supports disciplinary decision).

**AFFIRMED.**

19-16132